## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BEHZAD A. SAMIMI,
            Plaintiff,

v.

TYCO
HEALTHCARE/LUDLOW/KENDALL
– LUDLOW TECHNICAL PRODUCTS,
LTP,
            Defendants.

Civil Action No. 04-30115-KPN

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT

Defendant, Ludlow Technical Products, a Division of Tyco Healthcare Group LP (hereinafter "Ludlow")[1] files this memorandum in support of its motion to dismiss Plaintiff's complaint in its entirety pursuant to Fed. R. Civ. P. 12(b)(6) or in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e) as Plaintiff's Complaint is devoid of details that would articulate causes of action upon which relief can be sought or that permit Ludlow to prepare an answer.

### Background

Plaintiff, appearing *pro se*, has served a three page, handwritten complaint without numbered paragraphs on Defendant. Plaintiff was previously employed as a Production Supervisor for Defendant. While the Complaint contains a brief description of his complaint to the Occupational Safety and Health Administration, it is vague and fails to state a claim upon which relief may be granted. The Complaint appears to allege that Plaintiff was discharged in

---

[1] Plaintiff misnames Ludlow in his Complaint as Tyco Healthcare/Ludlow/Kendall-Ludlow Technical Products, LTP. Ludlow is unaware of any entity with the name alleged by Plaintiff.

retaliation for making safety complaints. However, the Complaint does not state as much, and also references a charge he filed at the Massachusetts Commission Against Discrimination alleging national origin discrimination, which was dismissed for lack of probable cause. Because Plaintiff's Complaint consists of nothing more than vague characterizations and is wholly devoid of specific factual allegations, the Complaint should be dismissed as a matter of law. In the alternative, Plaintiff should file a more definite statement, in numbered paragraphs, identifying his claims and the allegations supporting them to put Ludlow on notice of his claims and allow Ludlow to file an answer.

## Statement of Facts

1.    Plaintiff was employed as a Production Supervisor in the gels production area at Ludlow's facility in Chicopee, Massachusetts from June of 2000 through the time his position was eliminated on February 8, 2002.

2.    Plaintiff's position was eliminated in February of 2002 due to a difficult economic climate and a decline in business. Plaintiff was selected for lay-off because he had many years' less seniority than the Production Supervisor in the group with which his department was combined.

3.    On or about August 6, 2002, Plaintiff filed a complaint with the Occupational Safety and Health Administration (OSHA) about alleged safety complaints which he claimed resulted in his retaliatory discharge. OSHA dismissed Plaintiff's complaint on the grounds that it was not filed within 30 days of the allegedly adverse action.

4.    On or about August 14, 2002, Plaintiff filed a rambling, single-spaced 17 page charge at the Massachusetts Commission Against Discrimination (MCAD) alleging discrimination based on national origin. The charge alleged primarily that Plaintiff was discharged for reporting safety concerns. The MCAD dismissed Plaintiff's charge on or about

May 5, 2003 for lack of probable cause. The MCAD also denied his appeal of its lack of probable cause finding on or about September 11, 2003.

5.    Plaintiff filed the instant complaint with the United States District Court on or about June 22, 2004.

6.    On the Civil Cover Sheet filed by Plaintiff along with the Complaint, under Section IV., entitled "Nature of Suit," he has checked off boxes for stockholder's suits (Contract), other contract (Contract), other personal injury (Tort), other civil rights (Civil Rights), Fair Labor Standards Act (Labor), other labor litigation (Labor), Racketeer Influenced And Corrupt Organizations (Other Statutes), Environmental Matters (Other Statutes), Freedom of Information Act (Other Statutes), and other statutory actions (Other Statutes).

## ARGUMENT

### I.    Plaintiff's Complaint Should be Dismissed Pursuant to Rule 12(b)(6) for Failure to State Claim

This Court should dismiss Plaintiff's Complaint, pursuant to Fed. R. Civ. P. 12(b)(6), because Plaintiff has failed to state a claim upon which relief can be granted. It is well settled that in evaluating a motion to dismiss for failure to state a claim, "[courts] require more than conclusions or subjective characterizations. [They] have insisted on at least the allegation of a minimal factual setting. It is not enough to allege a general scenario which could be dominated by unpleaded facts . . ." Dewey v. University of New Hampshire, 694 F. 2d 1, 3 (1st Cir. 1982) (upholding dismissal of plaintiff's complaint alleging discharge for protected speech because allegations lacked factual basis); Fisher v. Flynn, 598 F. 2d 663, 665 (1st Cir. 1979) ("Complaints based on civil rights statutes must do more than state simple conclusions; they must at least outline the facts constituting the alleged violation."); The Dartmouth Review v. Dartmouth College, 889 F. 2d 13, 16 (1st Cir. 1989) (dismissal affirmed where plaintiffs provided

no factual averment to support their claim that the university treated them differently because of their race).

In The Dartmouth Review, the court explained:

> "Gauzy generalities, unsupported conclusions, subjective characterizations, and problematic suppositions can sprout as easily as crabgrass in an imaginative litigant's (or lawyer's) word processor. Therefore, to avoid tarring defendants' reputations unfairly and to prevent potential abuses, we have consistently required plaintiffs to outline facts sufficient to convey specific instances of unlawful discrimination."

Id. 889 F. 2d at 16. See also Dewey, 694 F. 2d at 3 ("we insist that the claim at least set forth minimal facts, not subjective characterizations, as to who did what to whom and why"); Aulson v. Blanchard, 83 F. 3d 1, 3 (1st Cir. 1997) ("[the 12(b)(6) standard] does not force an appellate court to swallow the plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited.").

Here, Plaintiff falls far short of the standard required because he does not explain how his discharge led to any violation of his rights. In fact, he does not even identify a specific cause of action in his Complaint. The Complaint references his MCAD charge and his OSHA complaint; however, he fails to allege any specifics regarding what if any causes of action he is bringing relating to either complaint. The focus of his Complaint appears to be that he allegedly raised safety concerns and was terminated because of it. However, the Occupational Safety and Health Act does not even confer a private right of action on an individual under these circumstances.[2]

Plaintiff's complaint also references a "servant package" [sic] he alleges was offered by Ludlow in exchange for "signing an agreement." However, Plaintiff also fails to specify any

---

[2] Instead of conferring a private right of action on individual employees to enforce 11(c) of OSHA, the Act states that a person must complain to OSHA within thirty days of the alleged retaliatory act, and OSHA will then investigate and potentially issue citations to the employer for OSHA violations. If the employer contests the citations, the matter is prosecuted by the Department of Labor and a hearing is held. If retaliation is found after hearing, the employer is liable for damages to the employee, including back pay. See 29 U.S.C. §651 et. seq.; 29 C.F.R. §1977.

cause of action related to these allegations. In fact, the only reference to a possible cause of action in Plaintiff's complaint is found in the last paragraph of the Complaint, in which he states that he suffered "unspecified pain and suffering as a result of retaliation employment discharge" [sic]. As a matter of law, Plaintiff has not alleged sufficient facts to establish a violation of law. Gutierrez-Usera v. Puerto Rico Telephone Co., 967 F. Supp. 35, 38 (D. P. R. 1997); See Pavilonis v. King, 626 F. 2d 1075, 1077 (1980) (court upheld dismissal of civil rights claim where the plaintiff's allegations were "so hopelessly general that they could give no notice of his claims."); Chase v. Quick, 596 F. Supp. 33, 35 (D.R.I. 1984) (pro se plaintiff's complaint dismissed for failure to plead violations with the requisite level of specificity). Cf. Aulson, 83 F. 3d at 7 (1st Cir. 1997) (dismissing class action because of failure to allege sufficient facts to define class).

Case law in the First Circuit is particularly instructive on the amount of detail needed to state a claim. For example, in Glaros v. Perse, 628 F.2d 679 (1st Cir. 1980), a pro se plaintiff claimed that her civil rights were violated through alleged "surveillance." In support of her claim, the plaintiff named specific individuals, as well as the time and location of several of the incidents of alleged surveillance. Nonetheless, the court upheld the dismissal of the complaint because the plaintiff had failed to plead specific information as to the method and nature of the alleged unlawful behavior and how such behavior constituted a violation of plaintiff's rights. Id. at 684.

Here, Plaintiff's Complaint presents an even leaner factual basis in support of his apparent claims against Ludlow than the plaintiff in Glaros. Indeed, Plaintiff's Complaint does not even allege names, dates, or specific events, and does not plead "specific information as to the method and nature of the alleged unlawful behavior and how such behavior constituted a

violation of plaintiff's rights." Id. Quite simply, Plaintiff has not outlined sufficient facts "as to who did what to whom and why." Dewey, 694 F. 2d at 3. Accordingly, Plaintiff's Complaint should be dismissed and judgment should be entered for the Defendant pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II.    In the Alternative, Plaintiff Should be Required to Provide a More Definite Statement Detailing His Causes of Action

If a pleading to which a responsive pleadings is required is so "vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading." Fed. R. Civ. P. 12(e).    Here, Plaintiff's allegations are written in hand over three pages. The allegations are not contained in individually numbered paragraphs. Further, although Plaintiff refers to "many safety concerns" he raised "many times" at Ludlow and "gave the Company many chances to correct [them]," he provides no other details, but instead refers summarily to his complaints filed with OSHA and the MCAD, which he simply attaches to the Complaint. He then concludes the Complaint by requesting a "trial by jury for unspecified pain and suffering as the result of retaliation employment discharge . . ." The Complaint certainly does not contain sufficient factual detail to support causes of action for FLSA, RICO, FOIA, civil rights, environmental or other statutory violations, or for a breach of contract, tort or personal injury action, as Plaintiff indicated on the Civil Cover Sheet. In short, it is not possible to determine what causes of action Plaintiff intends to bring and he does not provide specific allegations in support of such claims. As a result, Ludlow cannot frame a responsive pleading. For these reasons, if the Court does not dismiss Plaintiff's Complaint outright, Plaintiff should be ordered to provide a more definite statement that would enable Ludlow to frame a responsive pleading.

### Conclusion

For the reasons stated above, Ludlow requests that the Court grants its motion to dismiss Plaintiff' complaint in its entirety or in the alternative, for Plaintiff to provide a more definite statement pertaining to his causes of action.

Ludlow requests a hearing on this motion.

Respectfully submitted,

LUDLOW    TECHNICAL    PRODUCTS,    A
DIVISION OF TYCO HEALTHCARE GROUP LP
By its attorneys,


/s/ Stephen T. Paterniti
Andrew C. Pickett, BBO #549872
Stephen T. Paterniti, BBO #564860
Jackson Lewis LLP
75 Park Plaza
Boston, MA  02116
(617) 367-0025

Dated:  July 9, 2004

### CERTIFICATE OF SERVICE

A copy of the above document was served this 9th day of July, 2004, upon Plaintiff, Behzad A. Samimi, 36 Emerald Road, Springfield, MA  01119, via first class mail.


/s/ Stephen T. Paterniti
Jackson Lewis LLP


H:\PaterniS\tyco healthcare\ludlow\Samimi\pleadings\memo in support of Motion to Dismiss doc