BEHZAD A. SAMIMI
36 Emerald Road • Springfield, Massachusetts 01119
Email: samimibdvs@aol.com / Home: (413) 782-0258

SCANNED

| | |
|---|---|
| Date: | October 19, 2002 |
| To: | Office of the Senator John Kerry<br>One Bowdoin Square, 10th Floor<br>Boston, MA 02203 |
| Subject: | A controversial and pressing issue that is negatively and unfairly affecting millions of American workers;<br>a deficient OSHA enforcement that is discouraging, injurious, and reduces workers productivity and morality. |
| Re: | OSHA Doc. Number: Tyco Healthcare/samimi1-1270-02-014<br>MCAD Doc. Number: 02SEM02643<br>EEOC Doc. Number: 16CA202866 |

**The Honorable John Kerry, United States Senate:**

Very respectfully yours, I and many other workers have been greatly supportive of your fundamental mission and principles. We are all well observant that you and your devoted professional staff are constantly striving to improve the laws that rule us, to better the quality of life, and to ensure safe and healthy work conditions for all working men and women. This is one of the main reasons that have motivated me to write this letter to you on behalf of many other appreciative workers.

Dear Senator Kerry, your exceptional efforts are proof of your past accomplishments and endeavors to improve the quality of life equally for all. We sincerely appreciate your continuous service to this great nation, today and tomorrow. Once again, we are assured you will not let American hard-working men and women down.

I am sending you a copy of the attached letter, that I think might be of interest to you. If you would like any additional information not supplied to your office, or if I can be of any assistant to your cause, please do not hesitate to contact me.

Very cordially yours,

*[signature]*
Behzad A. Samimi

Mr. John Spear, USDOL-OSHA Chief, Washington, D.C.
Mr. Richard Fairfax, USDOL-OSHA Director, Washington, D.C.
Mr. Frank Gravitt, USDOL-OSHA Regional Administrator, Boston, MA
Mr. Ronald Morin, USDOL-OSHA Area Director, Springfield, MA
Ms. Carole Horowitz, USDOL-OSHA, Investigator, Springfield, MA
Ms. Migdalia Rivera, Massachusetts Commission Against Discrimination
   MCAD, Investigator, Springfield, MA

1

# BEHZAD A. SAMIMI
36 Emerald Road • Springfield, Massachusetts 01119
Email: samimibdvs@aol.com / Home: (413) 782-0258

Date:     October 19, 2002

To:       Office of the Senator Edward M. Kennedy
          Attention: Mr. Kiyoshi M. Yu
          2400 John F. Kennedy Federal Building
          Government Center
          Boston, MA 02203

Subject:  A controversial and pressing issue that is negatively and
          unfairly affecting millions of American workers;
          a deficient OSHA enforcement that is discouraging, injurious,
          and reduces workers productivity and morality.

Re:       OSHA Doc. Number: Tyco Healthcare/samimi1-1270-02-014
          MCAD Doc. Number: 02SEM02643
          EEOC Doc. Number: 16CA202866


## The Honorable Edward M. Kennedy United States Senate:

Very respectfully yours, I and many other workers have been greatly supportive of your fundamental mission and principles. We are all well observant that you and your devoted professional staff are constantly striving to improve the laws that rule us, to better the quality of life, and to ensure safe and healthy work conditions for all working men and women. This is one of the main reasons that have motivated me to write this letter to you on behalf of many other appreciative workers.

Before I proceed, I must acknowledge the fact, that it is admirable what OSHA staff has accomplished to-date given the very limited numbers of inspectors and current very low annual budget. OSHA staff is doing its very best it possibly can, considering the tremendous tasks involved in monitoring work conditions and workers protection.

You may recall that approximately two-years ago, I had contacted your office regarding a different public matter. My extensive research and inquiry assisted the federal and the state authorities to advance their principle purpose. It guided them in ensuring public welfare and protection by taking appropriate preventive and corrective actions. That same concern of mine still remains, after two years, a very pressing issue in the legal & constitutional investigation proceedings.

I am now once again deeply concerned, although my concern is in regards to another subject matter. I am writing this letter on behalf of thousands of hard-working individuals who have lost their jobs because they chose to

do the right thing at work. I am also included among them. The reality of my specific situation and the emotional condition I was in is very comparable to that of millions of other American hard-working men and women.

I am an immigrant who was part of a minority religion in my homeland of "Iran", and was faced with extreme religious persecution. Many members of my immediate family have been executed, imprisoned, and many others continue to be persecuted. The United Nations, Amnesty International, and other activist organizations report in great detail on the human rights violations made by the Islamic government of Iran against my Faith. In search of freedom, I emigrated from Iran to USA approximately 20-years ago. I am now an American citizen who loves my country, USA, very much, and I would like this country to remain the greatest country in the world. I am committed, and feel responsible that other countries follow our greatest American constitution as the highest authentic democratic country known to mankind.

Meanwhile, all along I have been feeling differently at work. "Every time I passed through those plant gates to go to work, I left America and my rights as a free man. I spent nine hours in there, in prison, and then came out into being free again". These words (by an author I can't recall) capture this feeling that I have been experiencing, and many other American workers feel a common sentiment as well. I consider you a great Senator with a strong conviction for, and who has the power, competency and the courage to, make a change for the betterment of American hard-working men and women. The great working people deserve and need your assistance.

Approximately 8-months ago my employment as a Manufacturing/Production Supervisor was terminated on February 8, 2002. My former employer, "TYCO", retaliated against me for numerous health and safety recommendations that I had made to the management during my employment. They terminated my position unjustly as the result of truths I had, in good faith, uncovered and for the health and safety conditions I asked for my coworkers and myself. The employer intentionally ignored my safety concerns, and planned and executed their unethical and unsafe work practices by showing repeated retaliations toward me, leading ultimately to my job termination. Please notice that I was the only one in the history of the company of 900-workers that has been considered laid-off from the manufacturing and production department to date.

I filed a complaint with both the Massachusetts Commission Against Discrimination (MCAD) office on August 1, 2002, and Occupational Safety and Health Administration (OSHA) office on August 6, 2002. Both complaints were filed within 6-months of my termination. MCAD has assigned to investigate my case against "TYCO" and the investigation currently continues. However, OSHA has dismissed my case as untimely filed (meaning not filed within the 30-day time limit). OSHA has afforded me the opportunity to file an appeal of that dismissal within 15-days. Please note that I requested an OSHA appeal action with my reasoning for a

waiver on September 4, 2002. Presently, I am waiting for a response from the USDOL-OSHA office in regards with their final appeal review decision.

Dear Senator Kennedy, I have given you a very brief narrative of the above factual evidence. For additional detailed information please read the attached complaint that was filed with the office of OSHA and the MCAD office. My case is a common example of many others similarly situated. It should be classified as a case study to display the unethical and unsafe work practices that many corporations conduct. These corporate wrongdoers are crudely and negatively affecting our economy and millions of American workers. I believe workers are more productive in a safer workplace. They are more efficient as a result of reduced job injuries and by eliminating workplace causes of disease. By taking safety measurements, employees can actually feel part of a caring team work atmosphere. This will indeed lead to increase in productivity, to increase in efficiencies, to reduce in waste and error, as well as to lower in the cost of workers' compensation coverage.

Dear Senator Kennedy, please notice that major improvements and reforms are needed in OSHA rulings and safety standards to protect lives and to preserve the health and safety of millions of American workers. The longer this reform takes, the more workers will be subjected to unsafe conditions and will possibly lose their lives. The following recommendations address many of OSHA's deficiencies. Might I, with great humility and deep concern, propose to the Senator the following high-priority & very pressing health and safety issues that have negatively affected millions of other workers and me:

1)- It is time to expand the tight window of OSHA complaint filing from a mere <u>30-days</u> time limitation to a minimum of <u>6-months</u>. This is to be done so workers can reasonably, and without the fear of immediate retaliation, exercise their rights against the illegal and unsafe practices of employers. Increasing the OSHA complaint time limit from 30-days to 6-months or higher, will increase productivity, expand safety standards, advance workers morality, and most of all will save lives and prevent injuries. This 30-day Time limit had been from the inception very misleading to many workers. Especially, many non-union workers don't know of this filing time-frame. And, almost always and intentionally the employer does not inform workers of this tight window limitation rights. Unfortunately many uninformed workers are not aware that exercising their rights under OSHA is usually what has encouraged the personnel action of retaliation. They will not know that much later after they have lost their job and their rights to file for a complaint. At the time when our country is witnessing corporate unethical work standards, there should be at least 6-months time limit by OSHA regulators. This should be done especially in regards with corporate abusers such as Enron, WorldCom, and my former employer "TYCO". It is time again for legislators to stand up for the consumers and worker protection

rights and eliminate loopholes that only benefit corporations.

2)- It is time to strengthen and protect outspoken and daring workers ("whistleblowers"), that choose to exercise their rights under safety workplace standards. There are very limited laws that protect people who, in good faith, make their voices heard, or worse have lost their job. Many times even after the employee has already lost his job, this same employer continues retaliation including providing bad references to the potential future employers. The fear of employer retaliation and reprisal is especially great in workers that are not union members. If workers do not have a firm OSHA assurance of protection, they will not pursue and take initiatives regarding safety measurements, or engage in preventive & corrective actions. As the result of the fear of employer retaliation, the work sites in most necessity of OSHA's watchfulness are unknowingly cast out by the OSHA enforcement authorities.

3)- It is time to strengthen OSHA's weak legal and judicial authority, as well as inadequate and under-enforced workplace safety regulations. It is time to increase the criminal penalties for falsification and manipulation of safety records. Many times the role of the courts greatly lessens the power of OSHA's enforcement, to the disadvantage of workers' rights. We can't legislate corporate greed, but OSHA laws should do whatever they can so that greed does not succeed. We need to show corporations they can't save money by ignoring full safety precautions. Those employers that observe unethical and unsafe work practices must be forced by OSHA to come to the realization that failing to take safety corrective and preventive actions is not an employer option.

4)- It is time to strengthen weak OSHA citations and criminal penalties for willful violations. An astonishing average OSHA civil fine for a willful violation is approximately $3,000.00 per inspection. An increase in citation fines and criminal penalties will discourage employers who are inspired by the bottom-line - money. Many employers are only positioning for profits, ignoring health & safety to speed up production. Increasing OSHA citation fines and criminal penalties will warn them to think more carefully when the employers choose to deliberately neglect unsafe practices and conditions. The only solution to this dilemma is for employers to recognize that the cost of breaking the law is indeed much higher than the cost of preventing unsafe work practices.

5)- It is time to increase OSHA inspection numbers and at the same time increase inspection efficiency. The inspection should also be more proactive and preventive, and focused on training rather than punishing. You cannot expect and rely on employers and unethical corporations to police themselves. The employers cannot be the sole moral authorities when many in actuality are the cause of this immoral misconduct. With the current number of available OSHA staffing in comparison with the workplaces and the employees, the

ratio translation is that we roughly have <u>one</u> OSHA inspector for <u>100,000</u> employees, or <u>6,000</u> workplaces. This astonishing ratio speaks for itself. OSHA understaffing and shortage of OSHA inspectors is the most injurious and damaging to OSHA's current predicament.

6) - It is time to increase OSHA funding. Many of OSHA's deficiencies and weaknesses are directly the result of congressional under-funding. To sufficiently monitor workplace safety, OSHA would need an enforcement budget much greater than the current OSHA funding allocation. Currently with the federally allocated OSHA funding, the budgeting ratio translates roughly to <u>$4.00</u> per worker per year. More OSHA funding is needed also because currently there is no time limit on OSHA investigation of discrimination complaints. What that means is that due to the low funding and shortages of inspectors, it can take <u>any</u> amount of time for the complaint investigation. While the worker is waiting for OSHA findings, the same employer can continue retaliation. In summary, more OSHA funding is required for more inspectors, for enhanced appropriate enforcement, for expanded investigation, for extended safety standards, for higher safety work integrity, and finally for the ease of work piled up by overworked OSHA personnel.

7) - It is time to require that the employers record workers' chronic illnesses in their reported OSHA logs after the exposure to the ill-health causing sources. Many workplace illnesses and diseases do not become visibly evident until long after the exposure, in many cases after the employee has changed employment. These long-term unknown illnesses are rarely recorded by the employer on their OSHA logbook. Unfortunately, unethical employers many times keep two sets of logs: one for OSHA, and one for their insurance records. OSHA enforcement needs to require employers to keep one OSHA log for both purposes.

8) - It is time that more rights are given to employees than corporations, since U.S. Constitution does not specify corporations. Corporations should be created by people, for the people. It is time legislators begin challenging the roots of the concept of corporate privilege and rulings. In many cases, particularly non-union workers have come to accept that at work they are not entitled to the rights and privileges we normally enjoy as citizens. In general, non-union workers have also come to accept that at work they are automatically guilty unless proven otherwise. They have no other choice but to embrace employer retaliations, which include reduced privileges and job termination.

9) - It is time to allow OSHA inspectors to search and identify a reasonable eminent danger to workers without having to get a search warrant. The promotion of general worker protection, rather than the privilege of unethical corporations, needs to be the primary focus. The tragic reality is that, almost always while OSHA inspectors are

    struggling to get a warrant for a reasonable investigation, the employer harboring unsafe work conditions can conceal the evidence, sabotage the documentation and elude OSHA inspectors of finding safety violations.

10) - It is time that, provided OSHA has reached the final conclusion that an employee has a meritorious claim of unlawful retaliation, employees should be granted the right to independently pursue actions against the employer in a judiciary courting system. OSHA investigations leading to a finding of willful retaliation without granting the appropriate remedy should be considered a senseless authoritative conclusion.

Dear Senator Kennedy, as you are well familiar, in order to rebuild the confidence of people we must find and expose unethical and corrupt corporations. Corporate corruption goes beyond just bad accounting practices, to unethical safety conducts. It involves corporations intentionally ignoring eminent safety issues and jeopardizing the health and safety of workers for their own greed. Many white-collar corporate criminals have taken away our money, our jobs, shattered our families, and taken away workers' safety and health. But, it is time for us to stop them from taking our dream. The dream of justice and fairness at work.

Dear Senator Kennedy, your exceptional efforts are proof of your past accomplishments and endeavors to improve the quality of life equally for all. We sincerely appreciate your continuous service to this great nation, today and tomorrow. Once again, we are assured you will not let American hard-working men and women down.

If you would like any additional information not supplied to your office, or if I can be of any assistant to your cause, please do not hesitate to contact me.

                                                Very cordially yours,

                                                Behzad A. Samimi

CC:   The Honorable John Kerry United States Senate
      Mr. John Spear, USDOL-OSHA Chief, Washington, D.C.
      Mr. Richard Fairfax, USDOL-OSHA Director, Washington, D.C.
      Mr. Frank Gravitt, USDOL-OSHA Regional Administrator, Boston, MA
      Mr. Ronald Morin, USDOL-OSHA Area Director, Springfield, MA
      Ms. Carole Horowitz, USDOL-OSHA, Investigator, Springfield, MA
      Ms. Migdalia Rivera, Massachusetts Commission Against Discrimination
        MCAD, Investigator, Springfield, MA

Behzad A. Samimi                     09/04/02                     Page 1 of 14

2004 OCT -8 P 4: 23

# BEHZAD A. SAMIMI
36 Emerald Road • Springfield, Massachusetts 01119
Email: samimibdvs@aol.com/ Home: (413) 782-0258

Date:     September 4, 2002

To:   John Spear, Chief
      Office of 11(c)/405 Program
      USDOL-OSHA
      200 Constitution Avenue, N.W.
      Room N-3468
      Washington, D.C. 20210

Re:   Tyco Healthcare/ Samimi/ 1-1270-02-014


Dear Mr. Spear:

Very respectfully yours, I am writing this appeal notice letter to your attention as the result of having been notified of the finding of OSHA investigation. Accordingly, attached you can find a copy of the Springfield, MA OSHA office investigation that they are dismissing my complaint as untimely filed (not filed within OSHA 30-days filing limit).

I would like to acknowledge that, I truly understand and respect the OSHA office of Springfield, MA decisions, of based on the fact that I had only submitted them with only detail nature of my complaint allegation, and not attempting my justification of filing delay. With my full apology, please notice that at the time of my complaint letter that I filed with the office of Massachusetts commission Against Discrimination (MCAD) on August 1, 2002, and the Springfield, MA OSHA office on August 6, 2002, I had not known that I had required to provide OSHA office with any additional detail explanation of my justification for tolling beyond OSHA 30-day time filings. For that reason, I am convinced that with my misinterpretation of discrimination filing time and my misunderstanding of the jurisdiction differences  between OSHA & MCAD by all means the OSHA Springfield, MA office were justified to conclude and file my complaint letter as untimely filed at that time of submittal.

However, now that I have been more informed after much more thoughtfully reading and each applicable regulation individually. I now hereby, very respectfully am requesting a thorough investigation appeal review under

my complaint section 11(c) of the Occupational Safety and Health Act of 1970. I am also through this letter would like to make all necessary motions for reversing this 30-days untimely ruling in my case in which I feel has been unclear to me.

I was mislead as stating that "An employee alleging retaliation by an employer for the employee's assertion of rights guaranteed by OSH Act must await a determination by OSHA that there is a meritorious case. However, <u>there is no time limit on OSHA investigation of discrimination complaint</u>". At that stage of my mental and physical distressful conditions after my job loss, I had mistakenly have translated that, no-time limit means, no time limit with any OSHA discriminatory cases. In which, now I see how I could have been misunderstood. I was also in the assumption that 30-days limitation applies with any cases other than OSHA retaliatory discriminatory cases. Likewise, I was in the presumption that both MCAD & OSHA will be working as a team in an OSHA retaliatory discrimination cases. In which, the 6-months time limitation would have been applied. I believe this 30-days filing ruling in general is very unfair, even to a normal healthy and capable employees.

In many situations there are many workers that are not aware that exercising their rights under the OSH Act is sometimes what has encouraged the personnel action retaliation and misconduct. On many occasions, They will not know that until much later time after this time limitation. What I am trying to show is that there are many indications of a weak whistleblower protection law especially in OSHA with this time limit. I believe that in all OSHA cases, especially discrimination filing time should be <u>at least</u> the same as MCAD discrimination filing limitation. Other improvement in law that is needed such as no time limit in OSHA investigation discrimination process. What this means is that due to the shortages OSHA investigators, it can take any amount of time of investigation. A combination of not enough OSHA inspectors and not enough funding can means employers know getting inspected by OSHA is not only very uncommon, but the violation cited is by far much less than actually doing it safe, particularly if it cost the employer to fix the safety problem. In here who generally speaking suffers the most is not only all the workers, but mostly minorities. The more uneducated, the more non fluent in English, the better chances for the company not to get cut with violations. Since the chances are that unfortunately uninformed workers would not most likely identify the hidden health and safety problems, or to speak up for their rights. As the result again minorities or low paid workers suffer the most. Since most temp employees and low paid employees are minorities. I realize with the very limited OSHA annual budget, all the investigators and all other OSHA staff's are doing their best as they could possibly can do. I admire them for their hard work. But, many times this no time limitation in OSHA investigation discrimination process it would takes years and years with the numbers of available investigators. At many occasions without any findings and solution. Nonetheless, the worker has lost his job and most likely is to get continually retaliated again and again by the same

employer. That same employer knows well the laws and how to legally push the law and still be safe. They have very expensive attorneys working on their best interest. But, what workers have, with time limitation hardly any. Also, now the employer knows how to retaliate, how to give a bad references, or just refraining to say anything to a potential employer. The other employer will read the rest of the story. Obviously workers subconsciously fearing all these factual evidence would rather become blind folded. I just can't comprehend, the employer confused me too about these gray area laws too. It is amazing now that I have read the associated safety rulings much more carefully now everything is just a simple plain English language. These issues just must have confused me back then after the job loss, as I am sure so many other workers as well. Especially when are experiencing so much sufferings after the job loss. These are the gray and shady areas that definitely a major improvement is needed.

Although in my specific situation all the above would have made no difference in my particular situational of depression and anxiety post dealings after my job loss. Since, even if I would have known of that 30-days limit, under no circumstances would I have been able to file an effective, orderly and timely filing, and not way until my filing with MCAD dated of 8/1/02 anyway. Other compelling reason in my case for justifying me tolling time limit are as follow that I know:

- In regards with my case and the continuance retaliatory conducts, I believe that the employer (TYCO-LTP) is presently and continuing their violation of discriminatory to me and many others minorities still employed.
- I also believe that the employer has concealed, and misled, regarding the grounds for my discharge and other adverse actions.
- The employer failed to inform his workers of the 30-day time frame, to post a notification, where workers could easily see, at all the bulletin boards.
- A major purpose of the 30-days period is to allow the secretary to decline, to entertain only the complaints which have become stale (please see the above 3-paragraphs).

Please notice that technically my last date of employment termination was on February 8, 2002. As you are familiar OSHA requires that the discrimination complaints should be filed with the OSHA Area Director within 30 days after such Violation occurs. However, the Massachusetts commission Against Discrimination (MCAD) requires discrimination complaints to be filed within 6-month after such violation occurs. My case is extremely unique, in which in its entirely interconnects with both agencies.

Dear Mr. Spear, before I justify my reasoning to a waiver on this OSHA ruling to the honorary member of the appeal board it is extremely imperative that your office thoroughly read my entire 17-pages of complaint detailed letter which had been addressed to both OSHA and